# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IJAHMON WALCOTT, | : | |
| Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:17-cv-1150 (JCH) |
| v. | : | |
| | : | |
| BRIAN CONNAUGHTON, ET AL., | : | DECEMBER 18, 2018 |
| Defendants. | : | |
| | : | |

## RULING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
### (DOC. NO. 37 & DOC NO. 40)

The plaintiff, Ijahmon Walcott ("Walcott"), currently incarcerated at Carl Robinson Correctional Institution in Enfield, Connecticut, commenced this action by Complaint filed pro se pursuant to 42 U.S.C. § 1983. The defendants are Hartford Police Officer Robert Fogg ("Fogg") and Windsor Police Detective Brian Connaughton ("Connaughton"). Fogg has filed a Motion for Summary Judgment (Doc. No. 37). Connaughton has also filed a Motion for Summary Judgment (Doc. No. 40). Both Fogg and Connaughton transmitted a Notice to Pro Se Litigant to Walcott, as required by District of Connecticut Local Rule of Civil Procedure 56(b). See Notice (Doc. No. 37) at Att. 4; Notice (Doc. No. 40) at Att. 6. Despite these Notices, Walcott has filed no Opposition.

For the reasons that follow, Fogg's Motion for Summary Judgment (Doc. No. 37) is granted and Connaughton's Motion for Summary Judgment (Doc. No. 40) is granted.

## I. STANDARD OF REVIEW

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter

of law.  Rule 56(a), Fed. R. Civ. P.; Redd v. New York Div. of Parole, 678 F.3d 166, 173-74 (2d Cir. 2012).  "When the nonmoving party will bear the burden of proof at trial, the moving party can satisfy its burden at summary judgment by 'pointing out to the district court' the absence of a genuine dispute with respect to any essential element of its opponent's case: 'a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'"  Cohane v. National Collegiate Athletic Ass'n, 612 F. App'x 41, 43 (2d Cir. 2015) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986)).

Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (citation and quotation omitted).  He cannot "rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  Robinson v. Concentra Health Servs., 781 F.3d 42, 43 (2d Cir. 2015) (citation omitted).  He must present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment.  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).  Although the court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," Willey v. Kirkpatrick, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment.  Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

## II. FACTS[1]

On December 1, 2015, Fogg and Connaughton, members of the Hartford Police Shooting Task Force, applied for a search and seizure warrant for the second-floor residence at 80 Cabot Street, Hartford, Connecticut. The warrant was signed by a state court judge the same day. See Local Rule 56(a) Statement ("L.R. 56(a)(1)") (Doc. No. 37-2) at 1 ¶ 1. The warrant request was based on a police investigation and credible information that drug sales were being conducted from 80 Cabot Street and that Antonio Keane ("Keane") was storing illegal firearms at that location. Id. ¶ 2.

The warrant described the location as:

> The address commonly known as 80 Cabot Street, 2nd floor in Hartford CT. With access to attic and common access to basement. A multi-family residence with yellow siding on bottom half of resident and gray siding on the top half. A set of wooden stairs and front porch leads to brown front door located to the left of the residence and is located on the east side of the street. 78 Cabot Street, Hartford, CT 1st floor located to the right is not included.

---

[1] The facts are taken from Fogg's Local Rule 56(a)1 Statement of Facts and the exhibits he submitted in support of his Motion for Summary Judgment. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party. Each admission or denial must include a citation to an affidavit or other admissible evidence. In addition, the opposing party must submit a list of disputed factual issues. D. Conn. L. Civ. R. 56(a)2 and 56(a)3.

Although Fogg informed Walcott of this requirement (Doc. No. 37-4), Walcott has not submitted a Local Rule 56(a)2 Statement in the required form or responded to the Motion for Summary Judgment in any way. Accordingly, Fogg's facts are deemed admitted. See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Rule 56(a)2."). However, as Walcott's Complaint was signed under penalty of perjury, the court will consider the statements in the Complaint as an affidavit in opposition to the Motion for Summary Judgment.

Id. at 2 ¶ 3 (internal quotation marks omitted).  The warrant authorized a search for various firearms, ammunition, firearm accessories, and other items related to possession of illegal firearms along with proceeds of criminal activity and proof of residency.  Id. ¶ 4.

On December 7, 2015, Fogg and Connaughton conducted surveillance of 80 Cabot Street from an unmarked police vehicle.  Id. ¶¶ 5-6.  They saw a male, later identified as Walcott, leave through the front door of 80 Cabot Street.  This door leads to only one apartment, which is located on the second and third floors of the building.  They saw Walcott use a key to lock the door behind him.  Id. at 2-3 ¶ 7.  Walcott denies locking the door to 80 Cabot Street with a key, stating that he did not have such a key in his possession when he was arrested.  Complaint ("Compl.") Doc. No. 1 at 10-11 ¶ 11(A).

Fogg and Connaughton continued to watch 80 Cabot Street.  In the late afternoon, they saw another man leave through the front door of 80 Cabot Street.  This man was identified as Keane and taken into custody.  Although Keane denied living at 80 Cabot Street or having a key, he told police that the apartment was unoccupied.  L.R. 56(a)1 at 3 ¶ 9.  Fogg and Connaughton conducted a thorough search of both the second and third floors of 80 Cabot Street.  See Memorandum in Support of Fogg's Motion for Summary Judgment (Doc. No. 37-1) at 2.  Fogg and Connaughton searched for items listed on the warrant, which included, inter alia, (1) firearms, (2) ammunition and other firearm accessories, (3) photos and video related to illegal firearm possession, (4) proceeds of illegal activity, and (5) proof of residency.  See LR. 56(a) ¶ 4.  They gave Keane a copy of the search warrant and affixed another copy to the

refrigerator.  Id. ¶ 10.  The defendants found drugs and drug paraphernalia in a second-floor bedroom along with mail addressed to Keane.  Id. ¶ 11.  In a third-floor bedroom, they found additional drugs and drug paraphernalia, ammunition, a firearm, and a letter addressed to Walcott when he was previously incarcerated.  Id. at 3-4 ¶¶ 12, 14. Walcott alleged that he was staying with Keane at the time of the search.  Id. ¶ 13.

Walcott returned to 80 Cabot Street while the officers were searching the apartment.  He was detained by other officers and showed them a valid Connecticut Identification Card.  Id. ¶ 15.  The officers performed a DMV/NCIC check and discovered that Walcott had an active arrest warrant issued by the Hartford Police Department.  The officers conducted a State Police Records Check which showed that Walcott had been convicted of a serious assault with a firearm.  As a result of this conviction, Walcott was prohibited from possessing a firearm.  Id. ¶ 16.

Keane told the police that Walcott had been staying at 80 Cabot Street for over a year, and that the drugs, the gun, and the ammunition belonged to Walcott.  Id. ¶ 17. As a result of the items discovered during the search and the information obtained from the reports and Keane, Fogg and Connaughton believed that the items belonged to Walcott.  They arrested Walcott on charges of criminal possession of narcotics, possession of narcotics with intent to sell, possession of narcotics with intent to sell within 1500' of a school, operation of a drug factory, and criminal possession of a firearm.  Id. ¶ 18.  Walcott was later arrested on a warrant for violation of probation.  Id. at 5 ¶ 19.  Keane was also arrested.  Id. at 4 ¶ 17.

On September 28, 2016, Walcott was found in violation of probation.  He was sentenced to a term of imprisonment of thirteen years, execution suspended after four

years, and three years of probation with conditions.  At the conclusion of the violation of probation proceedings, the prosecutor entered a <u>nolle</u> <u>prosequi</u> on the charges against Walcott stemming from the December 7, 2015 arrest and the charge underlying the arrest warrant discovered on the date of the search.  <u>Id.</u> ¶ 20.

## III.    ANALYSIS

Walcott contends that Fogg and Connaughton illegally arrested him on the narcotics and gun charges.[2]  Compl. at 14 ¶ 15.  He contends that the search warrant only permitted them to search the second floor of the building, not the third floor.  <u>Id.</u> at 12 ¶ 12.  Fogg moves for summary judgment on the grounds that he had probable cause for Walcott's arrest, the charges did not terminate in Walcott's favor, and he is protected by qualified immunity.

Fourth Amendment protections include the right to be free from arrest without probable cause.  <u>See</u> <u>Weyant v. Okst</u>, 101 F.3d 845, 852 (2d Cir. 1996).  "Claims for false arrest or malicious prosecution, brought under [section] 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures are 'substantially the same' as claims for false arrest or malicious prosecution under state law."  <u>Jocks v. Tavernier</u>, 316 F.3d 128, 134 (2d Cir. 2003).  In a section 1983 action, the elements of a false arrest claim are controlled by state law.  <u>See</u> <u>Davis v. Rodriguez</u>, 364 F.3d 424, 433 (2d Cir. 2004).

Connecticut law defines false arrest or false imprisonment as "the unlawful restraint by one person of the physical liberty of another."  <u>Russo v. City of Bridgeport</u>,

---

[2] Walcott also included a claim for false arrest in connection with his arrest for violation of probation.  Because he conceded in his Complaint that he was found guilty of that charge, the court dismissed all claims relating to his arrest for violation of probation.  <u>See</u> Initial Review Order (Doc. No. 7) at 6.

479 F.3d 196, 204 (2d Cir. 2007) (internal quotation marks and citation omitted). The existence of probable cause to arrest constitutes justification and "is a complete defense to an action for false arrest," whether brought under state law or under section 1983. Gonzalez v. City of Schenectady, 728 F.3d 149, 155 (2d Cir. 2013). Probable cause to arrest exists when law enforcement officers possess "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Id. (emphasis omitted). Probable cause does not require concrete proof as to each element of a crime, but it does require more than suspicion of some generalized misconduct. Id. In determining whether officers had probable cause to arrest an individual, courts look to the facts as the officers knew them in light of the elements of each crime.

In this case, the defendants had probable cause to believe that Walcott had been or was engaging in criminal activity, specifically, criminal possession of narcotics and a firearm. During a search of the third-floor bedroom in the apartment, the defendants found, inter alia, "hand knotted bags with an off white rock like substance," ammunition, and a firearm, along with mail addressed to Walcott. See Compl. at 8. Moreover, the defendants were aware that a warrant for Walcott's arrest, issued by the City of Hartford, was active. L.R. 56(a)(1) ¶ 20. The defendants were also aware that Walcott was prohibited from possessing a firearm based on a prior conviction. Id. Keane told the defendants that the drugs and guns seized during the search belonged to Walcott, and that Walcott had been staying at the apartment for more than one year. Id. ¶ 23. While Walcott denied that the illegal items seized from the third-floor bedroom belonged

to him, he did admit that his belongings had been on the third floor of the apartment for "over two months." Id. ¶ 24.

While there is clearly a dispute as to whether the items seized by the defendants from 80 Cabot Street in fact belonged to Walcott, there is no genuine dispute of material fact as to whether the defendants possessed "knowledge or reasonably trustworthy information of facts and circumstances . . . sufficient to warrant a person of reasonable caution in the belief that [Walcott] committed or [was] committing a crime." Gonzalez v. City of Schenectady, 728 F.3d at 155. Because there is no dispute of material fact as to whether the defendants had probable cause to arrest Walcott, Walcott's claim for false arrest fails as a matter of law. Fogg's Motion for Summary Judgment is granted. For the same reason, Connaughton's Motion for Summary Judgment is granted.

## IV. CONCLUSION

Fogg's Motion for Summary Judgment (Doc. No. 37) is **GRANTED**, and Connaughton's Motion for Summary Judgment (Doc. No. 40) is **GRANTED.** The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED.**

Dated at New Haven this 18th day of December 2018.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge